# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLLO PENN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. CV 10-3008 JVS (JCG)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO FILE AN AMENDED PETITION WITHIN THIRTY DAYS |

## I.
## PROCEEDINGS

On July 16, 2009, Kyllo Penn ("Petitioner"), a federal prisoner incarcerated at the Federal Correctional Institution in Lompoc, California and proceeding *pro se*, filed a "Motion to Amend Fine and Restitution Pursuant to [] 18 U.S.C. []§ 3572(d) and 18 U.S.C. § 3663(f)(1)" ("Petition") in the District Court of Oregon.  The Petition appears to challenge aspects of a criminal sentence imposed on the Petitioner by the District Court of Oregon on September 23, 2008.  (November 18, 2009 Amended Opinion and Order ("Nov. 18, 2009 Amended Order") at 3.)  Specifically, Petitioner contends that the District Court of Oregon committed constitutional error by "delegating" the task of determining "the timing and amount of" Petitioner's "restitution payments" to the

Bureau of Prisons ("BOP").  (Pet. at 4.)

On November 18, 2009, the District Court of Oregon issued an Amended Opinion and Order that construed the Petition "as a Petition for Habeas Corpus under § 2241" because it "concern[ed] the execution of [Petitioner's] sentence[.]" (Nov. 18, 2009 Amended Order at 5.)  The Court noted that the Petition "challenge[d] [the authority of] BOP officials[]" "to determine the amount and timing of the fine and, therefore, appear[ed] to seek an order enjoining BOP officials from collecting [Petitioner's] restitution payments pursuant to the [Inmate Financial Responsibility Program ("IFRP")]."  (*Id.* at 3-4 (internal quotation marks omitted).)  As such, the Court concluded that it lacked "jurisdiction over this matter because [Petitioner]" was required to "bring his [§ 2241] claim ... in the Central District of California[,]" where he is currently incarcerated.  (*Id.* at 5.)  Accordingly, the District Court of Oregon denied the Petition and transferred the action to this District.  (*Id.* at 5-6.)  Petitioner's Petition was filed in the Central District on April 22, 2010.  (Pet. at 1.)

## II.

## DISCUSSION

Pursuant to 28 U.S.C. § 2243, the Court has reviewed the Petition and determined that it suffers from several deficiencies.  Accordingly, for the reasons discussed below, the Court dismisses the Petition with leave to file an amended petition, if any, within thirty (30) days.

A.  <u>Petitioner Must Amend the Petition Using the Required Court Approved Form for Habeas Corpus Petitions.</u>

Local Rule 83-16.1 requires a "petition for a writ of habeas corpus ... [to] be submitted on" the form "approved and supplied by the Court."  "Form petitions are a procedural device which significantly aid the Court in processing the numerous habeas petitions presented to the Court.  The form petition is designed to aid [the] petitioner in the organization and presentation of information relevant to the habeas application.  The form petition also presents the relevant information regarding petitioner's claim(s)

in a 'simple, concise, and direct' manner, as required by Federal Rule of Civil Procedure 8. Where a habeas petition has not been submitted on the court-approved form, and does not present the requested material in a plain and concise manner, it is subject to dismissal pursuant to Local Rule 83-16.1 and Federal Rule of Civil Procedure 8." *Chang-Keng v. Mukasey*, 2008 WL 4384159, at *1 (C.D. Cal. Sept. 11, 2008). Thus, if Petitioner chooses to file an amended petition, he must do so on the form approved and supplied by the Central District of California, *i.e.*, CV-27. *See* Local Rule 83-16.1.

### B. Petitioner Has Failed to Properly Verify the Petition.

Under 28 U.S.C. § 2242 and Local Rule 83-16.2, a petition for writ of habeas corpus must be verified by the petitioner. Here, the Petitioner signed the "Certificate of Service" that is attached to the Petition, but failed to sign the Petition itself. (*See* Pet. at 4.) Any amended petition submitted by the Petitioner must be signed.

### C. Petitioner Must Amend the Petition to Name the Proper Respondent.

"[T]he proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (internal quotation marks and brackets omitted); *see also* 28 U.S.C. § 2242; *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (*per curiam*) ("[t]he proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian'"). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" *Rumsfeld*, 542 U.S. at 435; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent in a habeas action is "typically ... the warden of the facility in which the petitioner is incarcerated"). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996); *see also Stanley*, 21 F.3d at 360.

Here, the Petition improperly names the United States of America as the respondent. *See Rumsfeld*, 542 U.S. at 434-435; *see also Gardner v. Williamson*, 2008

3

1  WL 7542376, at *1-2 (E.D.N.C. May 13, 2008), *aff'd*, 326 Fed. Appx. 229 (4th Cir.
2  2009) (the proper respondent to a § 2241 petition challenging the BOP's authority to
3  set schedules for restitution payments is the petitioner's custodian); *Wooderts v. Joslin*,
4  2006 WL 1628046, at *1, fn. 1 and fn. 3 (N.D. Tex. Jun. 9, 2006) (in a § 2241 petition
5  challenging "the manner in which the [BOP] administers the [IFRP] and collects court-
6  ordered restitution[,]" the warden, and not the United States of America, is the proper
7  respondent). Consequently, if the Petitioner chooses to file an amended petition, he
8  must name his "immediate custodian" as the respondent. *See Brittingham*, 982 F.2d at
9  379.

## III.

## ORDER

1. The Petition is **DISMISSED** with leave to amend, pursuant to 28 U.S.C. § 2243, for the reasons discussed above.

2. Petitioner is given leave to amend and is **GRANTED** up to and including June 25, 2010, to file a First Amended Petition curing the deficiencies discussed above. Petitioner must clearly designate on the face of the document that it is the "First Amended Petition," and it must be retyped or rewritten in its entirety on a court-approved form. The First Amended Petition may not incorporate any part of the original Petition by reference. After amendment, the Court will treat the Petition as nonexistent.

3. If Plaintiff fails to file a First Amended Petition by June 24, 2010, and/or such First Amended Petition fails to comply with the requirements set forth in this Memorandum and Order, the Court may recommend that this action be dismissed with prejudice.

4. The Clerk of Court is **DIRECTED** to send Petitioner the court-approved form for filing a Petition for Writ of Habeas Corpus by a Person in Federal Custody.

IT IS SO ORDERED.

DATED: May 25, 2010

_____
HON. JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE